```
Scott Nelson
3128 Pacific Coast Hwy.
Torrance, CA 90505
southbay@cox.net

Pro Se
```



FILED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NADIA ALVAREZ and RACHAEL FISHENFELD, residents of the state of California, suing on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>GLOBAL TEL LINK CORPORATION, a Delaware Corporation; and DOES 1 through 10, inclusive,<br>Defendants. | Case No.: **CV10-6288 RJK (JCx)**<br><br>**NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA; DECLARATION OF SCOTT NELSON**<br><br>Date: JANUARY 24, 2011<br>Time: 9:00 AM<br>Courtroom: 850, Roybal Federal Bldg.<br><br>Honorable R. Gary Klausner |

PLEASE TAKE NOTICE, that on the 24th day of JANUARY, 2011, or as soon thereafter as this matter can be heard in Courtroom 850 of the above-entitled court, located in the Roybal Federal Building at 255 East Temple Street, Los Angeles, CA, pursuant Rule 45 of the Federal Rules of Civil Procedure (FRCP), putative witness Scott Nelson will move the court for an order to quash the subpoena served upon him.

The motion will be made on the basis that the subpoena is overbroad, unduly burdensome, and that the requested documents and communications are already within the possession or control of Global Tel Link (GTL).

1

1 | In addition, the subpoena issued by defendants amounts to a fishing expedition, and was apparently crafted to harass Mr. Nelson for the embarrassment GTL has experienced through Mr. Nelson's online postings of revealing GTL documents and his online comments criticizing GTL.  The subpoena is also being used by GTL as a shortcut to try to obtain information already in the public domain or easily accessible by GTL under various public records laws.

The motion is based on this Notice of Motion, on the attached Motion of Scott Nelson to Quash Subpoena, the Declaration of Scott Nelson, on all the papers, pleadings, and records on file in this action, and upon any oral or other evidence to be adduced at the hearing of this motion.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

### Motion of Scott Nelson to Quash Subpoena

Scott Nelson, appearing in Pro Se, respectfully moves this Court for an Order quashing the deposition subpoena and request for production of documents served on him on December 20, 2010 in the above-entitled matter. Pursuant to Rule 45(c)(3)(A) of the FRCP, Mr. Nelson moves to quash in a timely manner.

The subpoena demands that Mr. Nelson appear for a deposition and produce documents on December 30, 2010, at 9:00 a.m. A copy of the subpoena is attached as Exhibit A.

The subpoena is overly broad, fails to allow a reasonable time to comply, is not reasonably calculated to lead to the discovery of admissible evidence, and subjects Mr. Nelson to an undue burden and thus should be quashed pursuant to Rule 45(c)(3)(A)(i) and (iv) of the FRCP.

Mr. Nelson requests a hearing on this motion at a suitable date and time to be determined by the Court. At all times relevant to this action, Mr. Nelson was not a party to this action. In addition, Mr. Nelson is not an attorney, and has not yet had an opportunity to hire an attorney to represent his interests in this matter. Mr. Nelson has had scant time to assemble this motion, and even had to take time out of his long-planned holiday vacation to prepare it.

In the alternative, Mr. Nelson requests leave of this court to allow him sufficient time and opportunity to retain counsel and file Points and Authorities in support of this motion.

Dated: December 23, 2010

Respectfully Submitted,

_S. Nelson_
Scott Nelson, In Pro Se

3

NOTICE OF MOTION AND MOTION TO QUASH SERVICE; DECLARATION OF SCOTT NELSON

**DECLARATION OF SCOTT NELSON**

I, Scott Nelson, declare as follows:

1. I have personal knowledge of the matters stated herein, except as to those matters that are stated upon information and belief. As to such matters, I believe them to be true.

2. I am over the age of 18. If called as a witness I would answer truthfully to the matters set forth herein.

3. I am not a party to the above-entitled action.

4. I submit this declaration in support of my motion to quash service of the subpoena served on December 20, 2010.

5. I have longstanding holiday vacation plans for the dates of December 22, 2010 through January 2, 2011. I have already delayed my holiday plans for two days in order to respond to this subpoena, and it would be unduly burdensome for me to cancel the rest of my vacation plans.

6. I am a member of and frequent contributor to an online forum named Prison Talk Online (PTO) (www.prisontalk.com), and post under the screen name "*South Bay.*" To date, I have posted over 720 times on a number of matters concerning prisons and jails, legal issues, telecommunications providers, and other topics of interest to friends and family of prisoners and detainees.

7. According to online PTO records, my posts have been viewed well over 100,000 times by PTO members or visitors to the site. Of my over 720 posts, I estimate 120 of these directly address issues concerning GTL. Of this estimate, I believe at least 25 posts contain attached tariff filings, customer complaints, prison memos, or other legal documents directly relating to GTL.

8. On several occasions I have posted on PTO information regarding or

containing copies of emails and other documents received by me from GTL.

9. On several occasions I have posted on PTO copies of documents obtained by me from various state public utility or service commissions, including customer complaints and resolutions concerning GTL. In one complaint I posted, the CPUC ruled against GTL, but to this very day GTL still maintains several statements and references to this policy on their websites.

10. On several occasions I have posted on PTO a document obtained from a state utility commission containing particularly revealing details about GTL's AdvancePay service. GTL at first concealed this document from public view, then later deemed it "highly confidential" before finally consenting to its release.

11. On a number of occasions I have posted on PTO several of my critical observations concerning GTL's business practices, including detailed posts alleging ongoing violations of California and Ohio statutes or regulations.

12. I have downloaded from PACER and reviewed various documents filed in this case. Included in at least two exhibits or contained within the moving papers is a copy of one of my emails received from GTL, verbatim comments from one of my posts, and the use of terminology from several of my posts.

13. I believe GTL is extremely displeased with my online posting of emails, comments, or other documents that, *inter alia*, counter certain statements posted on GTL's web pages, disprove verbal information provided by customer service agents, or contradict assertions contained in documents filed by GTL with state or federal regulators.

14. With respect to the 10 listed requests for production of documents, I generally object to each on the basis that these requests are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence.

15. Specifically with respect to each numbered request for production, it would be unduly burdensome for me to have to search for and comb through numerous boxes of information and documents I keep in several different locations, and to perform electronic searches of all the computers and/or online email services I have used in the past several years, in an attempt to locate documents responsive to these requests.

16. If required to appear at a deposition in this matter, I would testify that all the documents I possess relating to GTL are (1) already within the possession or control of GTL, (2) in the public domain and readily available to GTL on PTO, or (3) matters of public record easily obtainable by GTL under the Freedom of Information Act (FOIA), the California Public Records Act (CPRA), or other state and federal public records statutes or regulations.

17. With respect to Request for Production Number 1, to the best of my knowledge all responsive documents and communications I have sent to or received from GTL are already within the possession or control of GTL, and it would be duplicative to require me to produce such documents.

18. With respect to Request for Production Number 2, to the best of my knowledge I do not possess any responsive documents and communications sent to or received from Ms. Alvarez.

19. With respect to Request for Production Number 3, to the best of my knowledge I do not possess any responsive documents and communications sent to or received from Ms. Fishenfeld.

20. With respect to Request for Production Number 4, to the best of my knowledge all responsive documents and communications I obtained from state or

federal agencies (including the FCC and the CPUC) are equally available to GTL through the FOIA, the CPRA, or through other state and federal public records statutes or regulations.

21. With respect to Request for Production Number 5, to the best of my knowledge I do not possess any responsive documents and communications regarding GTL sent to or received from any attorneys.

22. With respect to Request for Production Number 6, to the best of my knowledge, I do not possess any responsive documents or communications regarding GTL sent to or received from any customers or potential customers of GTL. In addition, this request is overly broad, as it potentially encompasses many millions of persons worldwide for whom I do not possess the necessary personal knowledge to determine which are current or potential GTL customers.

23. With respect to Request for Production Number 7, to the best of my knowledge the only electronic venue or forum on which I posted comments concerning GTL is PTO, with all such posts now in the public domain and easily available to GTL. It would be unduly burdensome for me to review over 720 online posts, determine precisely which ones contain information relating to GTL, then download and/or print out these posts.

24. With respect to Request for Production Number 8, to the best of my knowledge all responsive documents and communications relating to my use of any GTL services or offerings have been posted online on PTO and/or are within the possession or control of GTL.

25. With respect to Request for Production Number 9, other than a legal demand I previously submitted to GTL, to the best of my knowledge I do not possess any additional documents sufficient to show any instances in which I have

been incarcerated or detained in any jails, prisons, lockups, or correctional facilities. For any such documents that do exist, they should be a matter of public record easily obtainable by GTL.

26. With respect to Request for Production Number 10, to the best of my knowledge I do not possess any responsive documents containing phone records for 2008, 2009, or 2010, for any telephone numbers used to set up any account with GTL or communicate with any person or entity about GTL.

I am a putative witness in the above-entitled action. I have read the foregoing Declaration of Scott Nelson, and state that all facts are true and correct, and as to those matters that are based on information and belief, I believe them to be true.

I declare under penalty of perjury under the laws of the United States and the state of California that the foregoing is true and correct.

Executed on December 23, 2010, at Torrance, California.

*S. Nelson*

Scott Nelson

//
//
//
//
//
//
//
//

NOTICE OF MOTION AND MOTION TO QUASH SERVICE; DECLARATION OF SCOTT NELSON

**Exhibit A**

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | | |
|---|---|---|
| NADIA ALVAREZ and RACHEL FISHENFELD | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 10-6288 RGK (JCx) |
| | ) | |
| GLOBAL TEL*LINK CORPORATION | ) | (If the action is pending in another district, state where:) |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
    Scott Nelson 3055 Wilshire Blvd., Suite 600 Los Angeles, CA 90010

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| Greenberg Traurig, LLP 2450 Colorado Ave. #400E Santa Monica, CA 90404 | December 30, 2010 at 9:00 AM |

    The deposition will be recorded by this method:   Stenographic, Video/Audio

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
SEE APPENDIX A attached herewith

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  December 17, 2010
           *CLERK OF COURT*
                                      OR
                                            Robert J. Herrington
       *Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
GLOBAL TEL*LINK CORPORATION, Defendant _____ , who issues or requests this subpoena, are:
Robert J. Herrington (SBN 234417), GREENBERG TRAURIG, LLP, 2450 Colorado Avenue, Suite 400E Santa Monica, California 90404 Telephone: (310) 586-7700; E-mail: herringtonr@gtlaw.com

LA 129,255,431v1 118920.011700


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 10-6288 RGK (JCx)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:



LA 129,255,431v1 118920.011700

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for* Producing *Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).



LA 129,255,431v1 118920.011700

## ATTACHMENT "A"

### DEFINITIONS

The following terms as used in this Attachment "A," shall have the following meaning, herein:

1. The term "GTL" shall mean Global Tel*Link Corporation.

2. The term "MS. ALVAREZ" shall mean Plaintiff Nadia Alvarez. The term "MS. FISHENFELD" shall mean Plaintiff Rachel Fishenfeld.

3. The term "DOCUMENTS" means all "writings" (as defined in California Evidence Code section 250), and include anything in written form, whether the original or a copy, of any handwriting, typewriting, printing, photocopy, photograph, and every other means of recording alphabetical letters, words, pictures, sounds, or symbols, or combinations of them, upon any tangible thing, and any other form of communicating or representation, including but not limited to letters, books, agreements, lists, memoranda, handwritten or typewritten notes (including but not limited to multiple copies of written documents that are no longer identical because of subsequent notations or modifications), invoices, checks, receipts, files, telephone messages, e-mails, text messages and other computer-stored or generated information.

### DOCUMENTS TO BE PRODUCED

**Request For Production No. 1:**

All DOCUMENTS and communications sent to or received from GTL.

**Request For Production No. 2:**

All DOCUMENTS and communications sent to or received from Ms. Alvarez.

**Request For Production No. 3:**

All DOCUMENTS and communications sent to or received from Ms. Fishenfeld.

**Request For Production No. 4:**

All DOCUMENTS and communications sent to or received from any state or federal agency (including but not limited to the Federal Communications Commission or California Public Utilities Commission) regarding GTL.

**Request For Production No. 5:**

All DOCUMENTS and communications sent to or received from any lawyer or law firm regarding GTL, including, but not limited to, Aria, Ozello & Gignac LLP, Law Offices of Steven S. Derellian, Eugene Feldman, Attorney at Law APC, the Peter K. Levine Law Firm, Stephen Danz & Associates, Danz & Gerberg, and/or Masry & Vititoe.

**Request For Production No. 6:**

All DOCUMENTS and communications sent to or received from any customer or potential customer of GTL regarding GTL's services or offerings.

**Request For Production No. 7:**

All DOCUMENTS and communications relating to or constituting any information, comment or complaint regarding GTL, including, but limited to, any weblog posting, Facebook or MySpace posting, Twitter posting, and/or and chat board or forum comment.

**Request For Production No. 8:**

All DOCUMENTS and communications relating to your use of any GTL service or offering.

**Request For Production No. 9:**

DOCUMENTS sufficient to show each instance in which you have been incarcerated or detained in any jail, prison, lockup or correctional facility.

**Request For Production No. 10:**

Your phone records for 2008, 2009, and 2010 for any telephone number used to (i) set up any account with GTL, or (ii) communicate with any person or entity about GTL.